```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

            v.                          16 CR 542 (WHP)

JONATHAN ROPER and FERNANDO
SERRANO,

                Defendants.
------------------------------x
                                        New York, N.Y.
                                        March 2, 2017
                                        4:35 p.m.

Before:

                HON. WILLIAM H. PAULEY III,

                                        District Judge


                        APPEARANCES

PREET BHARARA
    United States Attorney for the
    Southern District of New York
NOAH SOLOWIEJCZYK
    Assistant United States Attorney

JOSEPH FERRANTE
    Attorney for Defendant Roper

JUDE CARDENAS
    Attorney for Defendant Serrano
```

1          (Case called)
2          THE DEPUTY CLERK: Appearances by the government.
3          MR. SOLOWIEJCZYK: Good afternoon, your Honor. Noah
4    Solowiejczyk on behalf of the government.
5          THE COURT: Good afternoon, Mr. Solowiejczyk.
6          MR. FERRANTE: For Mr. Roper, Joseph Ferrante. Good
7    afternoon, your Honor.
8          THE COURT: Good afternoon, Mr. Ferrante. I note the
9    presence of Mr. Roper beside you.
10         MR. CARDENAS: Good afternoon, your Honor. Roberto
11   Cardenas on behalf of Fernando Serrano.
12         THE COURT: Good afternoon, Mr. Cardenas. I note the
13   presence of your client, Mr. Serrano, at counsel table.
14         Mr. Solowiejczyk, what's the status of the matter?
15         MR. SOLOWIEJCZYK: Your Honor, the government has
16   produced all discovery, and I believe the parties are seeking a
17   trial date today, your Honor.
18         THE COURT: Before I fix a trial date, do either of
19   the defendants anticipate any pretrial motions?
20         MR. CARDENAS: Your Honor, it's almost 2 terabytes of
21   information. It's about four million documents. If your Honor
22   is inclined to give us any kind of schedule for pretrial
23   motions, I would request that you set the date in 60 days from
24   now so that we could finish doing what we're doing.
25         I have two assistants who have burning the oil around

1  the clock.  It's a lot of information.  There may be some
2  issues.  At this point, I think it's premature.  I'm not sure.
3  If your Honor were to say in 60 days henceforth that you would
4  like by letter from counsel whether or not there are any
5  motions that lie, I'd be more than happy to do that.
6  　　　　What do you say, Mr. Ferrante?
7  　　　　MR. FERRANTE:  I agree, your Honor.
8  　　　　THE COURT:  I'll fix a date 60 days out for the filing
9  of any pretrial motions.
10 　　　　MR. CARDENAS:  Fair enough.
11 　　　　THE COURT:  How long will it take to try this case,
12 Mr. Solowiejczyk?
13 　　　　MR. SOLOWIEJCZYK:  I think, to be safe, your Honor,
14 the government's case could take up to three weeks I believe.
15 　　　　THE COURT:  Do the defendants have any contrary view
16 about that?
17 　　　　MR. CARDENAS:  Your Honor, Mr. Solowiejczyk I believe
18 is a very reasonable man.  We've had discussions about the
19 same.  Up until a few days ago, he believed it was 2 1/2 weeks.
20 We've gotten an additional three days.
21 　　　　Notwithstanding that, I would think it would probably
22 take at least another two weeks.  I don't think it's unfair to
23 say that it could be four to six weeks for the trial.
24 Mr. Ferrante have conferred about the same.
25 　　　　If Joseph and I are going to do the cross-examination,

1  I know he can do -- and I've done so much -- I'd rather get a
2  bigger block of time. I intend to set aside the six weeks,
3  your Honor.
4        THE COURT: I'll set the matter down for jury
5  selection and trial on September 11. So, working backwards
6  from September 11, I direct the parties to submit to me their
7  joint request to charge by September 5, together with any voir
8  dire that counsel believe is unique to this case. You don't
9  have to submit proposed voir dire on matters of general inquiry
10 on voir dire. I can do them by rote. We'll have a final
11 pretrial conference on Friday, September 8, at 2:00.
12        Now, with respect to any pretrial motions, is there
13 any possibility of a motion to suppress here?
14        MR. FERRANTE: I don't see that being the case,
15 your Honor, not from what I can see.
16        THE COURT: Do you agree?
17        MR. CARDENAS: Yes, your Honor.
18        THE COURT: If there are any substantive motions prior
19 to trial, file them by May 3. Is two weeks enough,
20 Mr. Solowiejczyk? May 17. Any reply by May 24.
21        MR. CARDENAS: Your Honor, with all respect, I'm on
22 trial. I'm in a trial on the 14th of March before
23 Judge Jackson in the Supreme Court. It's a 20-count burglary
24 trial. So we anticipate being on trial for four to six weeks
25 there. It may terminate sooner. I don't know. It's state

1  court.  I would respectfully request that you give us one
2  additional week.  Rather than the 3rd of May, the 10th of May,
3  please.
4              THE COURT:  Done.  We're working in 11s.  So May 11.
5  Then May 25 for the government's opposition.  Because of the
6  holiday, I'll give you June 2 for reply.
7              Now, if there are any such motions, I will fix a date
8  for oral argument on the motions, but I'm not going to do that
9  now.
10             Will there be 404(b) evidence in this case?
11             MR. SOLOWIEJCZYK:  Potentially, your Honor.
12             THE COURT:  I think that any 404(b) evidence should be
13 produced by July 28.  Any motions in limine in the case should
14 be filed by August 3 with any opposition by August 17 and any
15 reply by August 24.
16             Of course we'll address those motions in limine
17 depending upon what they are.  I'll either address them at the
18 final pretrial conference so that you'll know before we're
19 picking a jury what the Court's view is or, if there's
20 something that I think deserves a more meaningful discussion,
21 I'll pick a date with you and bring you in for argument on it.
22 So I think that that provides us with a schedule in the case.
23             Looking ahead to the trial, what are the parties'
24 views about the number of alternates that we should impanel?
25             MR. CARDENAS:  Your Honor, in light of the proposed

1  length, I would say a minimum of four.
2      MR. SOLOWIEJCZYK: That works for the government,
3  your Honor.
4      THE COURT: Fine. We will try the case Monday through
5  Thursdays. We will not sit on Friday unless the jury is
6  deliberating. If I find that we are somehow falling behind, I
7  will exercise the option of bringing the jury in on Fridays for
8  a little more than a half a day, but that's only if the trial
9  is dragging. Generally trials don't drag before me.
10     In thinking about all your cross-examinations, let's
11 not be cumulative. I keep my eye on the jury. If I find
12 they're wandering, I'm going to talk to you at the sidebar and
13 point that out to you, whichever side it is, so that we can
14 keep them engaged.
15     Are there any other questions or issues that counsel
16 would like to raise while we're here together? Because
17 otherwise, we might not be seeing each other until September.
18     Any questions about the trial?
19     MR. FERRANTE: None from us, your Honor.
20     MR. CARDENAS: None, your Honor.
21     MR. SOLOWIEJCZYK: No, your Honor.
22     THE COURT: Make certain that if you have electronic
23 devices, that you get the form order on the court's website so
24 that you can easily bring your cell phones. Counsel can bring
25 their cell phones to the courtroom and other materials like

1  laptops.  Coordinate with my deputy on any of those matters.

2          What are the defendants' respective views concerning

3  the exclusion of time between now and September 11, 2017?

4          MR. FERRANTE:  My client certainly knowingly waives

5  those rights, your Honor.

6          MR. CARDENAS:  I join in that, your Honor.

7          THE COURT:  Since this continuance is due to the

8  voluminous discovery that the defendants continue to review and

9  the possibility that the defendants may have pretrial motions

10 and the need, otherwise, for counsel to prepare for the trial

11 of this case, I prospectively exclude the time from today until

12 September 11, 2017, from Speedy Trial Act calculations.

13         I find that this continuance serves to ensure the

14 effective assistance of counsel and that it prevents any

15 miscarriage of justice.  Additionally, I find that the ends of

16 justice served by such a continuance outweigh the best

17 interests of the public and each of these defendants in a

18 speedy trial pursuant to 18 U.S. Code, Section 3161.

19         Is there anything further?

20         MR. SOLOWIEJCZYK:  No, your Honor.

21         MR. FERRANTE:  Nothing, your Honor.  Thank you.

22         MR. CARDENAS:  No, your Honor.

23         THE COURT:  Thank you all for coming in.  Have a good

24 afternoon.

25             (Adjourned)